# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DANIEL MARK CURTIN,**

    **Plaintiff,**

v.                                      **CASE NO. 8:07-CV-1582-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") .[1]

The undersigned, after reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case, as well as the relevant statutory and case law, reverses the ALJ's decision to deny Plaintiff's claim and remands the case for further proceedings.

In an action for judicial review, the reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2006). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 17).

F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, the Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir.1979) (citations omitted).[2]

If the Commissioner committed an error of law, the case must be remanded for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir.1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 589 (11th Cir.1987).

**Background**

Plaintiff protectively filed applications for DIB and SSI on August 4, 2005, claiming a disability onset date of December 31, 2001.[3] (T 73–86, 90)  Plaintiff's applications were denied initially, upon reconsideration, and in an opinion issued by the ALJ on December 5, 2006. (T 17–25) The Appeals Counsel declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 8–11)

Plaintiff was fifty years old at the time of the July 13, 2006 hearing. (T 23)  He has a tenth grade education, and has not completed any additional course work or vocational training. (T 235) Plaintiff's vocational history includes work as a carpenter and a construction worker. (T 23)  Plaintiff contends

---

[2] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[3] The ALJ's decision indicates that Plaintiff filed his protective application on July 28, 2008. (T 17) However, this discrepancy is not material to the issues presented in this appeal.

that he suffers from familial tremors, back and leg pain, and hypertension that has prohibited him from working since December 31, 2001. (T 239)

Following the administrative hearing, the ALJ found that Plaintiff had not engaged in substantial gainful employment since December 31, 2001. (T 19) The ALJ also determined that Plaintiff suffers from familial tremors and hypertension, which are both severe impairments. Id. However, the ALJ concluded that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T 20) The ALJ found that Plaintiff's impairments could reasonably cause his hand tremors, back pain, and leg pain; however, the ALJ also decided that "...the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (T 21–22)

Based on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff was unable to perform his past relevant work. (T 22–23) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to lift and/or carry twenty pounds occasionally and ten pounds frequently; to stand, walk, or sit for a total of six hours, with regular breaks, in an eight-hour workday; to push and/or pull in order to operate hand/foot controls; to occasionally climb stairs and ramps; to balance, stoop, kneel, crouch, and crawl, but never to climb ladders, ropes, or scaffolding; to frequently reach bilaterally; and to occasionally handle, finger, and feel bilaterally. (T 21) Relying on the VE's testimony, the ALJ concluded that Plaintiff could perform the following jobs in the national and local economy: sales attendant, information clerk, and recreational facility attendant. (T 24)

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

**Discussion**

Plaintiff alleges that the Commissioner erred because (1) the ALJ's finding that Plaintiff's impairments did not meet or equal the requirements of Listing 11.06 was not supported by substantial evidence; (2) the ALJ's credibility determination was not based on substantial evidence; and (3) the ALJ's determination that Plaintiff could perform the jobs of sales attendant, information clerk, and recreational facility attendant was not supported by the VE's testimony.

**A.** Plaintiff claims that the ALJ erred by finding that Plaintiff's impairments did not meet or equal the requirements of Listing 11.06 for Parkinsonian Syndrome.[4] Specifically, Plaintiff asserts that the ALJ failed to discuss this listing in his decision (Dkt. 19 at 8).[5]

In determining whether a plaintiff's condition meets or equals a listed impairment, it is the plaintiff's burden to produce all medical evidence and findings necessary to make this determination. Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986)(citing 20 C.F.R. §§ 404.1525, 404.1526). Additionally, the Eleventh Circuit has held that the Commissioner need not "mechanically recite the evidence" leading to the determination that a claimant's impairments do not meet any of the Appendix I listing criteria. Hutchison v. Bowen, 787 F.2d 1462, 1463 (11th Cir. 1986)(finding that ALJ implicitly found disability claimant did not meet any of the Appendix I impairments).

Here, the record does not show that Plaintiff ever offered evidence to prove an impairment under section 11.06. In fact, Edwin Lamm, M.D., ("Dr. Lamm") diagnosed Plaintiff with familial tremors. (T 202) Dr. Lamm did not report any signs of motor, sensory, or reflex abnormalities. Id.

---

[4] Parkinsonian syndrome has the following signs: "Significant rigidity, brady kinesia, or tremor in two extremities, which, singly or in combination, result in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. Part 404, Subpart P, Appendix 1, section11.06.

[5] The ALJ did generally refer to Listing 1.00 (Musculoskeletal System) and Listing 4.00 (Cardiovascular System) in finding that Plaintiff's impairments were not of listing severity. (T 21)

Dr. Lamm also noted that Plaintiff had a normal gait and that range of motion in his shoulders, elbows, wrists, and hands was within normal limits. (T 201–02) Additionally, state agency consultant Jim Takachme, M.D., ("Dr. Takachme"), diagnosed Plaintiff with resting bilateral tremors, but reported that Plaintiff could frequently reach overhead without major loss of bilateral hand function. (T 217–19) The objective medical evidence provides no support for Parkinsonian Syndrome as there is no evidence of "sustained disturbance of gross and dexterous movements, or gait and station." Therefore, Plaintiff has not met his burden to provide such evidence, and the ALJ did not err in finding that Plaintiff did not meet or equal any listed impairment.

**B.**     Plaintiff also challenges that the ALJ's credibility determination was not based on substantial evidence because the ALJ improperly relied on Plaintiff's failure to seek medical treatment for his familial tremors (Dkt. 19 at 6–7).

However, the ALJ did not rely solely on Plaintiff's failure to seek medical treatment when making his credibility determination. (T 22) The ALJ relied on Plaintiff's medical examination from Dr. Lamm, which found no signs of atrophy or problems with motor or grip strength. (T 202) Additionally, Dr. Lamm found Plaintiff to be "well developed and muscular" with no problems getting on or off the examination table. (T 201) The ALJ concluded that if Plaintiff had limited use of his hands and arms since 2001, as he claims, it is reasonable to expect atrophy and conditioning problems to have been present at his September 2005 medical exam. (T 22) Dr. Lamm determined that Plaintiff could not perform his past construction work, but should be able to find other work. (T 202) The ALJ accorded great weight to Dr. Lamm's opinion because it is based on first hand knowledge gained through a physical examination of Plaintiff. (T 22)

The ALJ also considered assessments by the state agency consultants in October and December

of 2005. The October 2005 assessment stated that Plaintiff could perform medium work with no postural limitations and occasional fine fingering in his left hand. (T 209–211) In the December 2005 assessment, Dr. Takachme determined that Plaintiff was able to lift and/or carry twenty pounds occasionally and ten pounds frequently, despite his bilateral tremors. (T 217) The ALJ gave greater weight to Dr. Takachme's assessment because it more reasonably considered Plaintiff's tremors in determining Plaintiff's ability to lift and/or carry. (T 22)

Finally, the ALJ relied on Plaintiff's testimony that he has the ability to perform some fine manipulation such as buttoning, picking up a pen, and writing. (T 246, 256) Therefore, the ALJ's credibility determination was sufficiently supported by substantial evidence.

**C.**   Plaintiff alleges that the ALJ's determination that Plaintiff could perform the jobs of sales attendant, information clerk, and recreational facility attendant was not supported by the VE's testimony because the VE's testimony was contradictory and unclear regarding the level of fine fingering and manipulation that is required to perform the jobs (Dkt. 19 at 5).

At the administrative hearing, the VE testified that "without checking" the Dictionary of Occupational Titles ("DOT"), the jobs required at least "occasional" fingering and fine manipulation. (T 265) The VE subsequently stated that the jobs could be performed by Plaintiff, even with "less than occasional" fine manipulation and fingering—despite previously testifying that the DOT requires at least "occasional" fine manipulation and fingering to perform these jobs. (T 265-66) Plaintiff's attorney followed up by asking the VE, "does the DOT list these jobs as requiring at least occasional activities with fine manipulation and handling and fingering?" (T 266) The VE answered, "I don't know, I don't know...without checking, I don't know." (Id.) Although the VE then repeated that Plaintiff could perform these jobs, he added that it was difficult to "answer one way or another"

regarding the level of fine manipulation contained in the DOT requirements.  (T 266–67)

The ALJ's RFC determination states that Plaintiff has the ability to "occasionally handle, finger, and feel bilaterally."  (T 21)  The VE's testimony did not clearly establish whether the jobs' requirements met or exceeded occasional fine manipulation.  Thus, the Commissioner did not discharge his duty to develop a full and fair record with respect to the effect of Plaintiff's limitations on her ability to handle, finger, and feel bilaterally.  Newton v. Astrue, No. 08-12626, 2008 WL 4672327, at *4 (11th Cir., Oct. 28, 2008)(unpublished); see also Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  For this reason, it is necessary to determine whether the jobs described by the VE require occasional, less than occasional, or more than occasional handling, fingering, and feeling.  Any other issues bearing on Plaintiff's ability to use her upper extremities in performing the requirements of the identified jobs should also be addressed on remand.

## Conclusion

A remand is required for further fact-finding as to Plaintiff's RFC.  In reaching this conclusion, however, this court expresses no views as to what the outcome of the proceedings should be. At the reopened hearing, each party shall have the opportunity to submit additional evidence.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further administrative proceedings consistent with the foregoing; and

(2) the Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file.  Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993).  The final judgment shall state that if Plaintiff ultimately prevails

in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006).

**DONE** and **ORDERED** in Tampa, Florida on this 5th day of November, 2008.

_/s/ Elizabeth S. Jenkins_
ELIZABETH A JENKINS
United States Magistrate Judge